IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFREY SCOTT ADAMS,
ADC #129041                                                                                   PLAINTIFF

V.                              CASE NO. 5:15-CV-287-JLH-BD

RODNEY SMILEY                                                                                 DEFENDANT

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Background**

Jeffrey Scott Adams, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, and is proceeding *in forma pauperis* ("IFP"). (Docket entry #2) In his complaint, Mr. Adams alleged that Defendant Smiley broke his finger by slamming it in a door. Based on this allegation, the Court determined that Mr. Adams had stated an eighth amendment claim against Defendant Smiley.

Defendant Smiley has now moved for summary judgment, contending that Mr. Adams did not fully exhaust his administrative remedies before filing this lawsuit. (#18) Mr. Adams has responded to the motion, and Defendant Smiley has replied. (#24, #25, #26)

### III.   Discussion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Neither the inmate's subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; see also *Woodford*, 548 U.S. at 90–91. Thus, to satisfy the PLRA's

exhaustion requirement, a prisoner must fully comply with the specific procedural requirements of the prison or jail where he is held. *Id.*

Defendant Smiley attaches the affidavit of Barbara Williams, the ADC inmate grievance supervisor, to his motion. (#18-3) Ms. Williams testifies that Mr. Adams submitted two grievances with regard to the issues raised in this lawsuit, grievance WR-15-00138[1] and WR-15-00139. (#18-3 at p.3)

In grievance WR-15-00138, Ms. Williams explains, Warden Payne determined that Mr. Adams's grievance was without merit. (#18-2 at p.5) Although Mr. Adams appealed Warden Payne's decision, Chief Deputy Director Marshall Reed rejected the appeal of grievance WR-15-00138 because Mr. Adams failed to include his ADC number on the attachment, and failed to sign and date the attachment as required by the ADC grievance procedure. (#18-2 at p.4)

Grievance WR-15-00139 was rejected on June 11, 2015.[2] (#18-2 at p.11) Mr. Adams never appealed the rejection of that grievance. (#18-3 at p.4)

In response to Defendant Smiley's motion, Mr. Adams explains that he placed his name on the attachment of grievance WR-15-00138 when he appealed it, and signed and

---

[1] The papers presented by Defendant Smiley reference the grievance submitted by Mr. Adams on March 4, 2015 as grievance WR-15-00138, although the grievance form indicates it is grievance WR-15-00135. (#18-2 at p.6)

[2] Based on the papers submitted, it is unclear why ADC officials rejected grievance WR-15-00139. Mr. Adams alleges that it was dismissed as duplicative of grievance WR-15-00138.

dated the completed attachment.  (#25 at p.2)  He contends that when his grievance appeal was returned to him, the attachment was no longer attached.  (*Id*.)  Therefore, he argues, he could not include the attachment in his final appeal.

According to the ADC grievance policy, an inmate must date, sign, and write his inmate number on attachments.  (#18-1 at p.11)  Furthermore, the ADC grievance policy specifically states that "only what is written in the space provided for appeal will be considered part of the grievance appeal.  Additional sheets should not be attached . . .."  (#18-1 at p.11)

The ADC inmate grievance procedure does not allow an inmate to attach additional pages; and inmates are allowed to write only within the space provided on the paper that includes the warden/supervisor's decision.  Here, Mr. Adams did not comply with the ADC grievance procedure and, therefore, did not fully exhaust his administrative remedies.

## IV.   Conclusion

The Court recommends that Defendant Smiley's motion for summary judgment (#18) be GRANTED.  Mr. Adams's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 8th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE